IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| 2120 P Street Associates LLC, <br> d/b/a Residence Inn Dupont, <br><br> Plaintiff, <br><br> v. <br><br> Robert F. Munroe Day School, Inc., <br><br> SERVE:   William B. Suber, Registered Agent <br>                91 Old Mt. Pleasant Road <br>                Quincy, Florida  32352 <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

---

## COMPLAINT

1. Plaintiff, 2120 P Street Associates LLC d/b/a Residence Inn Dupont, is a corporation organized and operating pursuant to the laws of the State of the District of Columbia.

2. Robert F. Munroe Day School, Inc. is a corporation organized and operating pursuant to the laws of the State of Florida.  At all times relevant herein, Robert F. Munroe Day School, Inc. was operating a private K-12 school in Quincy, Florida.

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1332(a)(1) in that this action is between citizens of different states, and in that the matter in controversy exceeds the sum or value of seventy-five thousand and no/100 ($75,000.00) dollars, exclusive of interest and costs. Venue is proper in this Court in that the alleged incident which gives rise to this Action occurred in the District of Columbia.

4. At all times relevant herein Plaintiff owned the Residence Inn located at 2120 P Street Northwest, Washington, DC (the "Property").

5. Prior to March 12, 2019, the Robert F. Munroe Day School reserved a block of rooms at the Property.

6. On or about March 12, 2019, a student from the Robert F. Munroe Day School hung a clothes hanger on a sprinkler head above the master bed in room 812.

7. The hanger fractured the fusible link in the sprinkler head, causing it to activate and discharge water, causing significant damage to the Property.

8. As a result of the activation of the sprinkler head and subsequent water damage, Plaintiff sustained property damage and business income losses in the amount of $134,926.90.

## COUNT 1 – NEGLIGENCE

9. Plaintiff incorporates by reference paragraphs 2-8 as if fully set forth herein.

10. Defendant has a duty to supervise, instruct, and warn the students of the Robert F. Munroe Day School during their stay at the Property so as to not cause harm to the Property.

11. Defendant breached its duties in one or more of the following ways:

   a. Failing to properly supervise the students so as to not cause harm to the Property;

   b. Failing to ensure students acted in a manner so as to not cause harm to the Property;

   c. Failing to instruct the students regarding proper behavior while staying away from home so as to not cause harm to the Property;

   d. Failing to warn the students that hanging clothes hanging on a sprinkler head will result in sprinkler head activation and significant water discharge;

   e. Failing to instruct the students that the warning labels under sprinkler heads in the guest rooms are there for a purpose, that purpose being to protect against unintended sprinkler head activation;

   f. Failing generally to instruct the students as to respectful and appropriate behavior expected of students of the same age and experience while staying at the Property; and,

  g. Otherwise failing to use due care in ways that may be disclosed in discovery.

12. As a direct and proximate result of the negligent, careless and omissions of Defendant, Plaintiff suffered the damages described herein.

## COUNT 2 – BREACH OF CONTRACT

13. Plaintiff incorporates by reference paragraphs 2-8 as if fully set forth herein.

14. Defendant entered into a contract with Plaintiff for the reservation of rooms at the Property. (Ex. 1).

15. Page 4 of the contract contains an indemnification agreement that reads, "Each party shall indemnify, defend and hold harmless the Hotel, and its officers, directors, shareholders, affiliates, parents, successors, and assigns, for all costs, liability, and damages, and expenses (including reasonable attorney's fees), arising in any manner from an act or omission of the Group or any member, guest, officer, director, employee, exhibitor, or invitee thereof."  Page 1 defines the "Group" as the Robert F. Munroe Day School.

16. After the sprinkler activation and subsequent water damage, Plaintiff sought reimbursement under the contract for damages sustained, which was denied by Defendant.

17. Defendant was legally responsible for the students of Robert F. Munroe Day School while at the Property.

18. Defendant, its employees, agents, servants, and/or representative further breached its contract with Plaintiff by:

  a. Failing to properly supervise the students so as to not cause harm to the Property;

  b. Failing to ensure students acted in a manner so as to not cause harm to the Property;

      c.      Failing to instruct the students regarding proper behavior while staying away from home so as to not cause harm to the Property;

      d.      Failing to warn the students that hanging clothes hanging on a sprinkler head will result in sprinkler head activation and significant water discharge;

      e.      Refusing to indemnify Plaintiff after causing damage to the Property, as required by the Contract (Ex. 1); and,

      f.      Otherwise failing in ways that may be disclosed in discovery.

19.    As a direct and proximate result of Defendant's breach of its contact with Plaintiff, Plaintiff suffered the damages described herein.

WHEREFORE, Plaintiff, 2120 P Street Associates LLC d/b/a Residence Inn Dupont, demands judgment in its favor and against the Defendant in an amount of $134,962.90, plus the costs of this action, pre and post judgment interest, and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

/s/ Christopher Hassell
Christopher Hassell, Esq.; DC # 291641
BONNER KIERNAN TREBACK & CROCIATA, LLP
1233 20TH Street, NW, 8th Floor
Washington, DC  20036
Phone: 202-712-7000
chassell@bonnerkiernan.com